FORBES, RESPONDENT, *v.* MID–NORTHERN OIL CO., APPELLANT.

(No. 5,708.)

(Submitted September 19, 1925. Decided October 27, 1925.)

[240 Pac. 818.]

*Oil and Gas—Royalties—Contract Construed.*

> 1. Under a contract of lease of oil lands plaintiff was entitled to thirty-three and one-third per cent of the net proceeds from the sale of oil; under this contract the lessee deducted from the royalty the net proceeds taxes before making payment to plaintiff; under a later contract with the successor of the lessee, the latter agreed

[74 Mont. 368.]

to pay plaintiff twenty per cent of the value of the oil produced and marketed, no mention being made of any deductions permissible. *Held,* that under the new contract plaintiff was entitled to a royalty of twenty per cent without deduction, that the new contract effected a complete settlement of anything left undone under the old one, and that therefore plaintiff was not chargeable with net proceeds taxes remaining unpaid under the old one, from the date the new one was entered into.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

ACTION by J. F. Forbes against the Mid-Northern Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Messrs. Campbell & Carolan,* for Appellant, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Respondent, submitted a brief; *Mr. H. Leonard De Kalb* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The plaintiff in this action seeks to recover on a contract the sum of $4,469.12, with interest from December 31, 1923, alleged to have been wrongfully withheld by the defendant out of royalties due the plaintiff and his brothers in connection with certain oil production operations. Before the institution of this action the plaintiff succeeded to the rights of his brothers by assignments. The right to withhold such amount of money and charge the plaintiff therewith upon payment of royalties due under contract is asserted by the answer. It is averred that deduction of that amount has been made by the defendant because of the alleged liability of the plaintiff and his brothers to pay a proportion of the state net proceeds taxes paid by the defendant, or accrued against it, in the production of oil from certain leased lands in Fergus county.

A general demurrer to the answer was sustained, and, the defendant refusing to plead further, judgment was entered against it in accordance with the prayer of the complaint. The appeal is from the judgment.

We have most carefully analyzed and considered the pleadings and the contracts attached in order to determine the obligation of the defendant, if any, to pay the amount in suit. Because of the involved character of the contracts and the pleadings, we have encountered difficulty in coming, to a correct determination of the rights of the respective parties.

It appears that on August 23, 1920, the plaintiff, his [1] brothers, Harry H. Swartz, Jr., and Herbert A. Hover were possessed of a lease on a tract of 320 acres of land for oil development and production. On that date they entered into an agreement for the operation of the property with the Mid-West Refining Company and one Frank Franz under the terms of which the plaintiff and his associates were entitled to payment of thirty-three and one-third per cent of the net proceeds derived from the sale of oil or gas produced therefrom. Thereafter, until August 1, 1923, such net proceeds taxes were treated, charged and deducted as a part of the expense incident to operations. The defendant succeeded to the rights and obligations of the Mid-West Refining Company under such contract. Subsequently on August 1, 1923, the plaintiff and his brothers entered into a new arrangement with the defendant company, and two contracts were executed as of that date. In a separate agreement, the plaintiff and his brothers sold, transferred, relinquished and assigned all rights whatsoever theretofore possessed by them under the contract of August 23, 1920. In consideration thereof, by independent contract, the defendant company agreed to pay them a cash royalty of twenty per cent of the value of all oil or gas produced, saved and marketed from the property. Thereafter, on December 31, 1923, the defendant undertook to make settlement with the plaintiff and his brothers

[74 Mont. 368.]

of royalties accrued and owing, deducting and withholding therefrom the amount sought to be recovered by the plaintiff, claiming the same as their proportionate amount of net proceeds taxes paid by the defendant or accrued against it under the terms of the contract of August 23, 1920, as though no change was effected by the later agreement.

In the plaintiff's complaint it is alleged "that on or about the thirty-first day of December, 1923, the defendant undertook to make settlement with the plaintiff" and his brothers, "that is to say, with each, for his one-fourth interest in and to royalties accruing during the month of December, 1923, and wrongfully and without the consent, and against the will of this plaintiff" and his brothers, "and contrary to the contractual relations and agreements" of the parties "withheld what was alleged to be a proportionate amount of taxes accrued under and by virtue of" the contract of August 23, 1920, and withheld such sums from that which was rightfully due and owing to the plaintiff and his brothers under and by virtue of the agreements of August 1, 1923. To this allegation of the complaint the answer admits the withholding of such money from royalties due in settlement for the month of December, 1923, and further, by way of admission, it is averred that on or about the thirty-first day of December, 1923, the defendant undertook to make settlement with the plaintiff and his brothers for the amount of royalties accrued "during the month of November, 1923," and that a proportion of the amount of the taxes which had accrued under and by virtue of the agreement of August 23, 1920, prior to the first day of August, 1923, aggregating the amount in suit, was withheld. Further, it is averred by the answer that the agreement of August 1, 1923, "created new and distinct rights, duties, and privileges for the plaintiff and his brothers" and for the defendant; however, it is alleged that the execution of these contracts "did not have the effect of releasing and discharging the plaintiff" or his brothers "from any debts or

obligations'' to the defendant "which had been created and were existing prior to the first day of August, 1923.''

Thus it appears that the amount sought to be recovered in this action is the proportion of the *net proceeds* taxes paid and accrued prior to August 1, 1923, with which it is alleged the plaintiff is chargeable under the original contract, which sum was withheld by the defendant, in making settlement with the plaintiff and his brothers under the new contract, from the amount of royalties due them on December 31, 1923. The question is whether the plaintiff is properly chargeable therewith.

It is clear that the plaintiff and his brothers, on August 1, 1923, unreservedly sold and transferred all of their "right, title, and interest" under the agreement of August 23, 1920, and in consideration therefor the defendant agreed to pay them in cash "twenty per cent of the value of all oil or gas * * * produced, saved, and marketed.'' Thereafter the plaintiff and his brothers were entitled to the payment of the agreed royalty without deduction, and the defendant became the absolute owner of the interest of the plaintiff and his brothers in the original agreement, with all of its burdens, obligations and benefits. The defendant took over the first contract completely. Such transfer is authorized by the statute. (Sec. 7413, Rev. Codes 1921.)

There is no provision whatsoever for any deductions to be made subsequent to the date of the new contract, so that from the first day of August, 1923, the plaintiff and his associates became entitled to the full twenty per cent of the value of all oil or gas produced, saved and marketed. This is admitted by the answer. Irrespective of the obligations resting upon the respective parties by the terms of the contract of August 23, 1920, or statements theretofore rendered showing the expense of operations including *net proceeds taxes* paid, the defendant's liability for the payment of royalties due the plaintiff and his brothers thereafter is to be measured entirely by the

contract executed as of date August 1, 1923. The defendant having thus become substituted to the rights and duties of the plaintiff and those in interest with him in the original contract, thenceforth they had no concern therewith either as to profits made or expenses "properly chargeable thereunder. Thereafter they were entitled to the payment of the agreed royalty without deduction. The contracts of August 1, 1923, effected a complete settlement to that date, and as to oil subsequently produced and marketed the plaintiff is entitled to be paid the new royalty rate agreed upon. It is plain that the defendant, having assumed all of the burdens of the original contract as they existed on August 1, 1923, cannot now be permitted to charge the plaintiff with any portion thereof.

So construing the language of the contract, the defendant wrongfully withheld, from the amount of royalties due the plaintiff and his brothers, their alleged proportion of net proceeds taxes; and the court properly sustained the demurrer to the answer.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Stark and Matthews, concur.